```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────
DESHAWN FERRELL,

                    Petitioner,            08 Civ. 8245 (JGK)

       - against -                         MEMORANDUM OPINION AND
                                                   ORDER
UNITED STATES OF AMERICA,

                    Respondent.
───────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The petitioner, Deshawn Ferrell (the "petitioner" or "Ferrell"), appearing pro se, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The petitioner also seeks an evidentiary hearing pursuant to Rule 8 of the Rules Governing 28 U.S.C. § 2255. The petitioner argues that he received ineffective assistance of counsel.

**I.**

The petitioner was indicted with his brother and co-defendant Tyshea Mincey ("Mincey"), for participating in a conspiracy to violate the firearms laws of the United States, in violation of 18 U.S.C. §§ 371, 922(a)(1)(A), 922(a)(3), and 924(n); dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A); traveling interstate with intent to further firearms dealing, in violation of 18 U.S.C. § 924(n); and engaging in interstate transportation and receipt of

firearms in violation of 18 U.S.C. § 922(a)(3).  The Government alleged that over the course of six months the petitioner enlisted the help of several "straw purchasers" to purchase firearms in Georgia so that the petitioner and Mincey could then transport the firearms to New York for resale.  The petitioner and Mincey could not purchase the firearms themselves because Georgia law requires the purchasers of firearms to reside in the state for a specified period of time prior to the purchase.  According to the Government, the petitioner and Mincey were responsible for purchasing eighteen firearms in Georgia, seven of which were later recovered in New York, primarily from convicted felons and drug dealers.

   Following indictment and arrest, the petitioner obtained affidavits from several of his alleged co-conspirators—Sherry Ferrell, Tina Jackson, and Jason Hayes—stating that they did not purchase firearms on behalf of the petitioner.  The Government alleges that these affidavits are false and were part of an effort by the petitioner to obstruct the Government's pre-trial investigation.

   The petitioner claims that he directed his first attorney to use the affidavits to quash the indictment but that his attorney declined to do so and told the petitioner that the affidavits would be used as part of the defense's trial strategy. (Pet'r's Mem. At 2-3.)  Unhappy with this, the

2

petitioner requested that the attorney be replaced; the court granted the petitioner's request and appointed a second attorney to represent the petitioner. (Id. at 3-4.) The second attorney allegedly told the petitioner that the affidavits could be used for trial strategy but that he would not use them to quash the indictment. Because of this, the petitioner once again requested, and was appointed, new counsel. (Id. at 4.) After discussing the affidavits with the petitioner, the third counsel informed the petitioner of the right to subpoena witnesses to testify at trial in his favor and that the affidavits could be used to bolster the petitioner's position. (Id.)

Shortly before trial was scheduled to begin the petitioner attempted to plead guilty but the court rejected the petitioner's plea offer after the Government expressed concern about the petitioner's plea allocution. The Government believed that the allocution was perjurious and was designed to set up a bogus defense for his brother and co-defendant, Tyshea Mincey. (Plea Hr'g Tr., Mar. 21, 2003, at 43, 49-50.) Consequently, the petitioner proceeded to trial.

At trial, the petitioner's third attorney did not subpoena any witnesses to testify on the petitioner's behalf and did not offer any of the affidavits that allegedly exculpated the petitioner. (Pet'r's Mem. at 4.) The Government, however, solicited the testimony of all three of the petitioner's alleged

co-conspirators, the same individuals that the petitioner obtained affidavits from. (Gov't. Mem. at 3.) Indeed, the Government examined Sherry Ferrell about her affidavit during her direct examination. Sherry Ferrell testified that the affidavit, stating that she never purchased firearms for the petitioner, was false and that she only signed the false affidavit because her sister, the petitioner's mother, requested that she do so on several occasions. (Trial Tr., Mar. 26, 2004 at 273-77.)

The jury returned a guilty verdict against the petitioner on all four counts. On June 10, 2003, Judge Brieant sentenced the petitioner to 234 months' imprisonment, to be followed by three years of supervised release. (June 10, 2003 Hr'g Tr. at 37.) The conviction was affirmed on appeal and Judge Brieant affirmed the sentence after a remand pursuant to <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005). (Gov't Mem. at 10-11.)

The petitioner filed this habeas petition alleging ineffective assistance of counsel on September 25, 2008. The petitioner alleges that his trial counsel was ineffective for failing to introduce in evidence his co-conspirators' affidavits and for failing to subpoena any of the co-conspirators to testify on the petitioner's behalf. The petitioner's case was transferred to this Court on November 15, 2010.

**II.**

To prevail on a claim of ineffective assistance of counsel, the petitioner must show both (1) that his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and (2) that counsel's deficient performance was prejudicial to the petitioner's case. Strickland v. Washington, 466 U.S. 668, 687 (1984); Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995).

To satisfy the first prong, the petitioner must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. There is a "strong presumption" that defense counsel's conduct fell within the broad spectrum of reasonable professional assistance. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citing Strickland, 466 U.S. at 688-89). Moreover, "[i]n assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, viewed as of the time of counsel's conduct, and may not use hindsight to second-guess [counsel's] strategy choices." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (internal quotation marks and citations omitted); see also Strouse v. Leonardo, 928 F.2d 548, 553 (2d Cir. 1991); United States v. Jones, 918 F.2d 9, 11-12 (2d Cir. 1990).

To meet the second prong of the Strickland test, the petitioner must show that "[t]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. It is not enough to show that the prejudice "had some conceivable effect" on the outcome of the proceeding. Henry v. Poole, 409 F.3d 48, 63 (2d Cir. 2005) (quoting Strickland, 466 U.S. at 693).

### III.

The petitioner alleges that his trial counsel was ineffective for (1) failing to introduce in evidence the affidavits of his co-conspirators which state that the petitioner did not ask them to purchase firearms, and (2) failing to subpoena any of the co-conspirators to testify on the petitioner's behalf.

The co-conspirators' affidavits are hearsay because they are out of court statements offered to prove the truth of the matter asserted—that the petitioner never asked the affiants to purchase guns on his behalf. See Fed. R. Evid. 801(c). They were plainly inadmissible. See id. R. 802. Because defense counsel had no duty to offer inadmissible evidence, trial counsel's decision not to offer the affidavits in evidence could

6

not have been ineffective assistance.  See Feliciano v. United States, Nos. 01 Civ. 9398, 95 Cr. 941, 2004 WL 1781005, at *5 (S.D.N.Y. Aug. 10, 2004) (citing United States v. Nersesian, 824 F.2d 1294, 1321-22 (2d Cir. 1987)).  Indeed, it was very prudent.

    Moreover, even if the affidavits would have been admissible as impeachment by prior inconsistent statements of a witness, defense counsel had a good tactical reason not to offer them.  The Court of Appeals for the Second Circuit has made it clear that the decision "whether to call any witnesses on behalf of the defendant . . . is a tactical decision of the sort engaged in by defense attorneys . . . ."  United States v. Smith, 198 F.3d 377, 386 (2d Cir. 1999) (quoting United States v. Eisen, 974 F.2d 246, 265 (2d Cir. 1992).  This is so even when the potential witness might offer exculpatory evidence.  See United States v. Best, 219 F.3d 192, 201-02 (2d Cir. 2000).  Here, each of the petitioner's affiants ultimately testified as Government witnesses.  In light of their detailed testimony inculpating the petitioner, the defense would have exposed itself to potential obstruction charges, or at the very least discrediting itself before the jury, had it attempted to offer the co-conspirators' affidavits into evidence.  Indeed, the Government introduced in evidence Sherry Ferrell's affidavit during her direct examination to establish that she was asked to lie for the

7

petitioner. Thus, there was a very good tactical reason not to attempt to offer the affidavits in evidence.

In any event, the petitioner cannot show that he was prejudiced by his trial counsel's decision not to subpoena the co-conspirators and not to attempt to offer their affidavits into evidence. The witnesses appeared to testify and thus the petitioner did not have to subpoena them. The petitioner alleges that he would have pleaded guilty and not gone to trial had he known the affidavits were not going to be introduced at trial. According to the petitioner, he was prejudiced by not pleading guilty because a guilty plea would have carried a less severe sentence than the 234 months' imprisonment he was ultimately sentenced to. Presumably, the petitioner is referring to the possibility of a receiving a sentencing reduction for acceptance of responsibility

The petitioner's argument ignores the fact that he attempted, unsuccessfully, to plead guilty. It would have made no difference had the petitioner known that his trial counsel was not going to put the affidavits in evidence; the petitioner attempted to plead and had no alternative to proceeding to trial because the court rejected his attempt to plead guilty.

To the extent that the petitioner claims that it was ineffective assistance of counsel not to subpoena other witnesses, the petitioner is unable to show prejudice to support

8

this claim.  To demonstrate prejudice from counsel's alleged failure to call a witness, the petitioner must at least demonstrate that the witness was able to testify and would have testified in a manner beneficial to the petitioner.  See Escobar v. Senkowski, No. 02 Civ. 8066, 2005 WL 1307939, at *19 (S.D.N.Y. May 26, 2005), report and recommendation adopted, 2005 WL 2138712 (S.D.N.Y. Sept. 7, 2005).  Here, the petitioner does not even suggest who the other witnesses would be or that their testimony would be helpful in any way.  Because it is clear that the petitioner cannot show prejudice resulting from trial counsel's alleged ineffective assistance, the petitioner's claims are without merit.

**IV.**

The petitioner also requests an evidentiary hearing to review his claims.  However, because the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief, no hearing is required.  See Ochoa-Suarez v. United States, Nos. 07 Civ. 9275, 03 Cr. 747, 2008 WL 2220637, at *4 (S.D.N.Y. May 27, 2008); see also 28 U.S.C. § 2255(b); Chang v. United States, 250 F.3d 79, 86 (2d Cir.2001) (a district court has discretion to rely on documentary evidence in deciding habeas petitions, and need not conduct a "full-blown testimonial hearing" when in-court testimony "would not offer

9

any reasonable chance of altering [the court's] view of the facts").

## CONCLUSION

For the reasons explained above, the petitioner's motion pursuant to 28 U.S.C. § 2255 is **denied**. The petitioner's motion for an evidentiary hearing is also **denied**. Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). The Clerk is directed to close all pending motions and enter judgment dismissing the petition and closing this case.

SO ORDERED.

Dated:   New York, New York
         April 20, 2011

                                       John G. Koeltl
                                       United States District Judge